UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TYLER MILLER, | ) | |
| | ) | |
|    Plaintiff, | ) | Case No: 1:20-cv-4849-GBD-JLC |
| | ) | |
| v. | ) | **NOTICE OF DEFENDANT'S MOTION** |
| | ) | **TO DISMISS THE COMPLAINT** |
| BRIGHTSTAR ASIA, LTD., | ) | **PURSUANT TO FED. R. CIV. P. 12(b)(1)** |
| | ) | **& 12(b)(6)** |
|    Defendant. | ) | |

**PLEASE TAKE NOTICE** that, upon the Memorandum of Law in Support of its Motion to Dismiss the Complaint (dated September 11, 2020), the Declaration of Jack A. Negro (dated September 10, 2020), and Exhibit A thereto, and upon all prior papers and proceedings herein, Defendant, Brightstar Asia, Ltd. ("Brightstar Asia"), will move this Court, before the Honorable George B. Daniels, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, on a date and time designated by the Court, for an Order dismissing the Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and granting Brightstar Asia such other and further relief as the Court deems just and proper, on the following grounds:

    This Court lacks subject matter jurisdiction for two primary reasons.  First, Plaintiff does not have standing to assert his purported causes of action in the Complaint because: (1) his claims are derivative claims, not direct claims; and (2) Plaintiff has not alleged an injury in fact and his claims are based upon the legal rights and interests of third-parties.  Second, even if Plaintiff somehow has standing to bring these causes of action, the claims are not ripe for adjudication.

Alternatively, Plaintiff's causes of action must be dismissed for failure to state a claim on the common grounds that (1) Plaintiff has not suffered any legally cognizable damages; and (2) his claims fail under the parol evidence rule. Next, Plaintiff's claim in Count I for breach of fiduciary duty fails because: (1) the claim is duplicative of Plaintiff's claim for breach of contract/implied covenant; and (2) pursuant to Section 29 of the Shareholders Agreement, Brightstar Asia does not owe any fiduciary duties to Plaintiff. Finally, Plaintiff's claim in Count II for breach of the implied covenant of good faith and fair dealing fails under the express terms of the Shareholders Agreement and under Delaware law on the implied covenant.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to agreement of the parties, Plaintiff's opposition papers must be filed by October 2, 2020, and Brightstar Asia's reply must be filed by October 16, 2020.

Dated: September 11, 2020

Respectfully submitted,

/s/ *Kristina A. Reliford*
Kristina A. Reliford
Peter C. Sales (*Admitted Pro Hac Vice*)
Frankie N. Spero (*Admitted Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: (615) 252-3573
F: (615) 252-6380
kreliford@bradley.com
psales@bradley.com
fspero@bradley.com

*Attorneys for Brightstar Asia, Ltd.*