UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| TYLER MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 1:20-cv-4849-GBD-JLC |
| | ) | |
| v. | ) | **NOTICE OF DEFENDANT'S MOTION** |
| | ) | **TO DISMISS FIRST AMENDED** |
| BRIGHTSTAR ASIA, LTD, | ) | **COMPLAINT PURSUANT TO FED. R.** |
| | ) | **CIV. P. 12(b)(1) & 12(b)(6)** |
| Defendant. | ) | |

**PLEASE TAKE NOTICE** that, upon the Memorandum of Law in Support of its Motion to Dismiss First Amended Complaint (dated October 26, 2020), and upon all prior papers and proceedings herein, Defendant, Brightstar Asia, Ltd. ("Brightstar Asia"), will move this Court, before the Honorable George B. Daniels, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, on a date and time designated by the Court, for an Order dismissing the First Amended Complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) or, alternatively, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and granting Brightstar Asia such other and further relief as the Court deems just and proper, on the following grounds:

This Court lacks subject matter jurisdiction over Plaintiff's claims for two primary reasons. First, Plaintiff does not have standing because: (1) Plaintiff's claims are derivative claims, not direct claims, under Delaware law; and (2) Plaintiff has not alleged an injury in fact and his claims are based upon the legal rights and interests of third-parties.  Second, even if Plaintiff somehow has standing to bring these causes of action, the claims are not ripe for adjudication.

Alternatively, the First Amended Complaint fails to state a claim.  Plaintiff's claim in Counts I and II that Brightstar Asia breached Section 14 of the Shareholders Agreement fails

because he has not alleged a breach of that provision. Plaintiff's implied covenant claim (Count III) fails as a matter of law because: (1) it is duplicative of the breach of contract claim, and (2) it seeks to imply terms in the Shareholders Agreement that were anticipated by the parties at the time of contracting and could have been provided for but were not. Plaintiff's fiduciary duty claim (Count IV) fails as a matter of law because it is based upon the same facts and conduct underlying Plaintiff's claims for breach of contract and implied covenant.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to agreement of the parties, Plaintiff's opposition papers must be filed by November 6, 2020, and Brightstar Asia's reply must be filed by November 18, 2020.

Dated: October 26, 2020

    Respectfully submitted,

/s/ *Kristina A. Reliford*
Kristina A. Reliford
Peter C. Sales (*Admitted Pro Hac Vice*)
Frankie N. Spero (*Admitted Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: (615) 252-3573
F: (615) 252-6380
kreliford@bradley.com
psales@bradley.com
fspero@bradley.com

*Attorneys for Brightstar Asia, Ltd.*