IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TYLER MILLER, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 1:20-cv-04849 |
| BRIGHTSTAR ASIA, LTD., | ) District Judge George B. Daniels |
| | ) Magistrate Judge James L. Cott |
| Defendant. | ) |

**NOTICE OF DEFENDANT'S SECOND MOTION TO DISMISS THE
FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**PLEASE TAKE NOTICE** that, upon the Memorandum of Law in Support of its Second Motion to Dismiss the First Amended Complaint, the accompanying Declaration of Frankie N. Spero, dated September 23, 2022, and the exhibits attached thereto, and upon all prior papers and proceedings herein, Defendant Likewize Hong Kong Limited f/k/a Brightstar Asia, Ltd. ("Brightstar Asia")[1] will move this Court, before the Honorable George B. Daniels, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007-1312, on a date and time designated by the Court, for an Order dismissing the First Amended Complaint (Doc. 24) for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and granting Brightstar Asia such other and further relief as the Court deems just and proper, on the following grounds:

On remand from the U.S. Second Circuit Court of Appeals, Plaintiff has one cause of action remaining in his First Amended Complaint: his purported claim in Count III for breach of the

---

[1] On or about September 6, 2021, Brightstar Asia, Ltd. changed its name to Likewize Hong Kong Limited. To maintain consistency with the record in this case, this notice will continue to refer to the Defendant as Brightstar Asia.

implied covenant of good faith and fair dealing under the Shareholders Agreement dated April 9, 2018.  In that claim, Plaintiff seeks to improperly use the implied covenant to rewrite the Shareholders Agreement to impose obligations regarding the pricing to be paid for repairs of mobile devices and minimum volumes of mobile devices to be supplied.  Plaintiff's purported implied covenant claim fails as a matter of law for at least four reasons.

First, the claim is barred under Section 29(a) of the Shareholders Agreement.

Second, alternatively, the pricing and volume obligations that Plaintiff seeks to imply under the Shareholders Agreement are specifically addressed in and governed by the express terms of the Amended and Restated Master Services Agreement (the "Services Agreement") and the accompanying Statement of Work #1 (the "SOW") dated April 9, 2018 that were executed contemporaneously with the Shareholders Agreement and as part of the share purchase transaction at issue in this case.

Third, even if the Services Agreement and the SOW somehow do not control, there is no gap in the Shareholders Agreement regarding pricing and volumes to be filled by the implied covenant, and to impose such obligations would create free-floating duties that are unattached from and inconsistent with the terms of the Shareholders Agreement.

Fourth, and last, even if the Court finds a gap in the Shareholders Agreement, the pricing and volume obligations that Plaintiff seeks to impose were, by Plaintiff's own admission, contemplated at the time of contracting, and, thus, Plaintiff cannot use the implied covenant to now rewrite the Shareholders Agreement to impose such obligations.

For these reasons, Count III fails to state a claim for breach of the implied covenant and must be dismissed.

**Dated:** September 23, 2022

Respectfully submitted,

/s/ *Frankie N. Spero*
Kristina A. Reliford
Peter C. Sales (*Admitted Pro Hac Vice*)
Frankie N. Spero (*Admitted Pro Hac Vice*)
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
P: (615) 252-2365
F: (615) 252-6365
kreliford@bradley.com
psales@bradley.com
fspero@bradley.com
*Attorneys for Likewize Hong Kong Limited f/k/a Brightstar Asia, Ltd.*